## John B. Boyd, Appellee, v. Carterville Coal Company, Appellant.

1. Negligence—*when doctrine res ipsa loquitur inapplicable.* *Held*, in an action by a servant against his master for injuries resulting from the unexpected revolving of a fan that mere proof of the revolving of the fan did not make out a *prima facie* case of negligence against the master, but that the facts that the fan did revolve from the force of steam in the fan engine and that the valve was shut were circumstances and physical facts which the jury had a right to consider with other evidence in determining whether the valve was so defective that it leaked steam into the engine.

2. Verdicts—*when lack of evidence to support particular count cannot be urged.* When some count of the declaration is sustained by the evidence, the defendant cannot for the first time on appeal complain of the lack of evidence to support some particular count.

3. Instructions—*predicated upon evidence.* An instruction is properly refused which is not supported by any evidence in the record.

Action in case for personal injuries. Appeal from the Circuit Court of Williamson county; the Hon. M. W. Thompson, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed August 5, 1910. Rehearing denied October 27, 1910.

William H. Warder, for appellant.

Neely, Gallimore, Cook & Porter and Denison & Spiller, for appellee.

Mr. Justice Shirley delivered the opinion of the court.

On Sunday, January 24, 1909, appellee who was then and had been employed by appellant several years as a blacksmith and repair man was injured by the unexpected revolving of a fan then being repaired by him. He recovered a judgment for the sum of $1,750.

The declaration contained a number of counts all on the alleged negligence of appellant in failing to furnish appellee with a reasonably safe place to work, and. with reasonably safe appliances, except the second count in which was charged a wilful failure to examine

the appliance alleged to have been defective, and to mark the same as required by statute.

Appellant was operating a coal mine. There was a main shaft through which coal and men were hoisted, and an air shaft for ventilation. The shafts were some 1,200 feet apart. The boiler plant was located near the main shaft. Near the top of the air shaft was located a large fan with blades twelve feet in length, and the fan was more than twenty feet in diameter. It was constructed to revolve rapidly to facilitate the circulation of air down the air shaft and into and through the mine. The fan was operated by a small engine called the "fan engine" located near the fan, which was supplied with steam conducted from the boilers by means of an iron pipe. The pipe was two inches in diameter and was used to carry steam both to the fan engine, and thence on down the air shaft to machinery below. Near the air shaft a branch pipe from the main pipe connected with the fan engine. There was a valve called the boiler valve in the main pipe near the boilers, by which steam could be turned on or off in this pipe and another valve in the pipe that led from the main pipe to the fan engine and near the fan engine, called the fan engine valve. By this means steam could be let into the main pipe by the boiler valve, and prevented by the fan engine valve from connecting with the fan engine, or by the latter valve steam could be admitted to the fan engine.

Appellee at the time of his injury was by order of the superintendent of appellant engaged in repairing the fan. It was on Sunday and the mine was not in operation, although steam was up in the boilers. He was assisted by Drummond, the top foreman. To repair the fan it was necessary among other things to put in a brace between the blades and this required appellee to get inside the blades. When there was no steam on, the fan could be easily turned by hand; with steam on it would revolve fast or otherwise owing

to the amount of steam pressure, and with the usual pressure it would revolve rapidly.

Before appellee and Drummond began to repair appellee went to the boiler room and told the engineer to shut the steam off the main pipe, after which appellee repaired some hinges. Before going inside the blades of the fan to work appellee went back to the boiler house and told the engineer to turn the steam into the main pipe; he then returned to the fan house and before steam had been turned into the main pipe appellee told Drummond to close the fan engine valve as the steam would be turned on. Appellee and Drummond do not agree as to the time when appellee told Drummond to close the fan engine valve, but both agree it was closed or steam shut off by Drummond before appellee went inside the fan.

After appellee went inside the fan Drummond was turning it for him, when the fan started to revolve and Drummond was unable to stop it. Going to the valve he found it closed and he threw a board into the fan and stopped its revolutions. The revolving of the fan was caused by force of the steam getting into the fan engine, and resulted in appellee being thrown about inside the fan and down upon the concrete floor underneath, receiving painful injuries.

There is substantially no dispute about the facts above recited; the main contention arises upon the question whether there was any sufficient evidence of a defect in the valve. All the counts in the declaration charge this to have been the cause of the injury; the common law counts also alleging notice of the defect to appellant and no notice to appellee, and the exercise of reasonable care on his part.

Upon the question of a defective valve we have given the evidence a careful consideration and have reached the conclusion it was sufficient to support the charge in the declaration and the verdict, and we have reached it in view of the rule of law that to hold the master liable for an injury to his servant, some defect or in-

sufficiency in the machinery must be shown, of which the master had notice, or which in the exercise of reasonable care he might have known. While we are of opinion the rule *res ipsa loquitur* has no application under the pleading and evidence in this case so as to make a *prima facie* case of negligence against appellant by mere proof of the revolving of the fan, thereby casting the burden upon appellant to rebut it, yet the facts that the fan did revolve from the force of steam in the fan engine and that the valve was shut, were circumstances or physical facts which the jury had the right to consider with other evidence, in determining whether the valve was so defective it leaked steam into the engine. In addition to this, the testimony of Lockie, the engineer of appellant, was, that if the valve of the fan engine was in good repair it would not when closed, permit the fan to be propelled while steam was in the main pipe. This witness also testified that he was appellant's inspector of the fan and he found that valve had a small leak in it three weeks before the injury occurred; that he had noticed this condition two or three times before the appellee was injured, and that he did nothing to the valve, nothing but report about the condition of the valve. The witness stated it had escaped a little he thought, but wasn't positively sure, but not enough to run the fan.

On behalf of appellant there was the testimony of witnesses that the valve worked properly before and after the injury but the weight of the testimony and the credibility of the witnesses were for the jury to determine, and we conclude that there was sufficient evidence of a defective valve, of notice to appellant, and of reasonable care on the part of appellee to support the common law counts of the declaration.

It is insisted there was no evidence to support the second count of the declaration alleging a wilful failure on the part of appellant to have its mine examiner inspect the valve, and observe whether there were un-

safe conditions and mark the same, for the reason the statute does not require an examination when the mine is not in operation, as it was not on the day of appellee's injury. There was no instruction asked by appellant to disregard for want of evidence the count; both parties treated it as properly before the jury and asked and received instructions based upon it, and no complaint is made of any instruction based upon it given for appellee.

As the other counts of the declaration were amply sustained by the evidence appellant cannot now complain in this state of the record of the lack of evidence to support the second count. One good count if proved in a declaration will sustain the verdict. Snyder v. Gaither, 3 Scam. 91; Shreffler v. Nadelhoffer, 133 Ill. 536.

Complaint is made of the refusal of an instruction that as matter of law Drummond and appellee were fellow servants. Waiving the question whether the court should have so held as matter of law there was nothing upon which to base it. There was no complaint and no evidence appellee was injured through any fault of Drummond. There was no dispute the valve at the fan engine was turned off, and the complaint was the valve leaked and caused the injury, and there was no evidence of any other cause. Finding no error the judgment will be affirmed.

*Affirmed.*